Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Mohammad Ali Hedayati

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MOHAMMAD ALI HEDAYATI,<br><br>      Plaintiffs,<br>v.<br><br>THE PERRY LAW FIRM, APLC; AND DOES 1-10, INCLUSIVE<br><br>      Defendants. | Case No. 8:16-cv-00846-DOC-DFM<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS FOR (1) REPORTER'S TRANSCRIPTS PER L.R. 54-3.4 AND (2) CERTIFICATION, EXEMPLICATION AND REPRODUCTION OF DOCUMENTS PER L.R. 54-3.10**<br><br>**LOCAL RULE 54-2.2 AND PLAINTIFF'S OBJECTION TO THE ENTIRETY OF DEFENDANT'S COST CLAIM**<br><br>**Trial: May 31st, 2017**<br>**Judge: Hon. David O. Carter**<br>**Entry of Judgment: November 30th, 2017** |

**PLAINTIFF MOHAMMAD ALI HEDAYATI'S OBJECTION TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS IN ITS ENTIRETY.**

Pursuant to Local Rule 54-2.2, Plaintiff Mohammad Ali Hedayati ("Plaintiff") hereby objects in its entirety to the two items specified on Defendant The Perry Law

Firm, APLC's ("Defendant") Application to the Clerk to Tax Costs. Specifically, Plaintiff objects to Defendant's Application for (1) Costs for Reporter's Transcripts per L.R. 54-3.4 and (2) Certification, Exemplification and Reproduction of Documents per L.R. 54-3.10. For simplicity purposes, the two items will be identified as "Costs", unless otherwise noted.

## INTRODUCTION

Plaintiff's case was brought under the Fair Debt Collection Practices Act ("FDCPA) and culminated with a one-day bench trial on May 31st, 2017. On October 27th, 2017, Judge David O. Carter issued the Court's "Findings of Fact and Conclusions of Law" (Dkt. 90) and concluded Defendant did not violate the FDCPA.

On November 8th, 2017, Plaintiff objected to the [Proposed] Judgment pursuant to Local Rule 52-7 (Dkt. 91) because there was no finding Plaintiff pursued its case in bad faith and for purposes of harassment, which must first occur pursuant to 9th Circuit decisional law before a Defendant is entitled to its costs or attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

On November 30th, 2017, the Court sustained Plaintiff's objection to the Proposed judgment and ordered Final Judgment against Plaintiff, and ordered the findings of fact and conclusions of law (Dkt. #90) were hereby judgment of this Court and Defendant is the prevailing party. (Dkt. #92).

## ARGUMENT

1. <u>Defendant's Requests for Costs Must Be Denied in its Entirety Because There Was No Finding Plaintiff Pursued Its Case in Bad Faith and For Purposes of Harassment</u>.

In an FDCPA case, Costs may only be obtained by a Defendant upon satisfying certain conditions. (1) Defendant must prevail; (2) Defendant must establish Plaintiff's pursuit of the case was in bad faith; and (3) Defendant must establish Plaintiff's pursuit

of the case was for harassing Defendant.

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and **costs**.

15. U.S.C. § 1692k(a)(3); emphasis added.

2. <u>9th Circuit Decisional Law Holds Defendant is Not Entitled to Its Costs Per 15 U.S.C. § 1692k(a)(3) As There Has Been No Finding Plaintiff Brought the Action in Bad Faith and For Purpose of Harassment</u>.

In *Rouse v Law Offices of Rory Clark* 603 F.3d 699 (9th Cir. 2010), the court held "The FDCPA's remedial purpose is served by interpreting § 1692k(a)(3) as authorizing an award of attorneys' fees and costs only upon a finding that plaintiff brought the action in bad faith and for purpose of harassment." *Id.* at 705. "...[T]he FDCPA's express mention of costs further supports that Congress intended to condition an award of costs to a prevailing defendant upon a finding of bad faith and harassment on plaintiff's part." *Id.* at 706.

      i. **Plaintiff's Objection to Defendant's Application to Tax Costs Must Be Sustained in Its Entirety Because There is No Judicial Finding Plaintiff Brought its Case in Bad Faith and For Purposes of Harassment.**

Defendant has failed to satisfy the conditions needed to recoup any of its Costs. As discussed above, the Judgment entered by the Court (Dkt. 92) confirms there was no finding Plaintiff brought its case in bad faith and for purposes of harassment.

Likewise, Defendant's Application to Tax Costs is void of any reference or suggestion Defendant is entitled to its Costs. Form CV-59 completed by

Defendant contains the below mandate:

> NOTE: You must attach an itemization and documentation supporting all requested fees and costs. Documentation includes receipts, orders, and stipulations. All receipts must be self-explanatory.

Defendant's Application is void of any Order entitling Defendant to recoup the Costs for (1) Reporter's Transcripts per L.R. 54-3.4 in the amount of $1,818.72 and (2) Certification, exemplification and reproduction of documents per L.R. 54-3.10 in the amount of $383.55.

3. <u>Defendant's Bill of Costs in Not Supported by Evidence</u>.

Even if Defendant's requests for Costs were not wholly barred for the reasons stated above, the Bill of Costs is inappropriate and insufficiently supported with respect to the Item 1 and Item 2 listed, as respectively detailed below.

  i. <u>Defendant is not entitled to **Item 1 Reporter's Transcripts $1,818.72** because it was not requested by the Court or prepared to stipulation as required by Local Rule</u>.

**L.R. 54-3.4 Reporter's Transcripts** permits the cost of the original and one copy of all or any part of a trial transcript conditioned the Reporter's Transcript is requested by the Court or prepared pursuant to stipulation.

As discussed above, Defendant's Application is void of any Order or Stipulation regarding Reporter's Transcripts. Thus, Plaintiff's objection to Defendant's Application To Tax Costs "Item 1: Reporter's Transcripts $1,818.72" must be sustained.

  ii. <u>Defendant is not entitled to Item 2 Certification, exemplification and reproduction of documents $382.55 as Defendant fails to substantiate amount claimed as required by Local Rule</u>.

- 4 -
Case No. 8:16-cv-00846-DOC-DFM

Defendant claims it incurred (1) $332.55 to copy documents; (2) $25 document fee to obtain deed for 30092 Santa Margarita Pkwy; and (3) document fee for obtain deed for 42 Hallcrest, Ladera Ranch. See pg #3-4 Defendant's Application for Clerk to Tax Costs (Dkt. 93). Yet, in reviewing the remaining pages #5-18, Defendant has failed to include any receipts for the Costs claimed to copy documents of $332.55 or receipts to obtain the deeds for the respective addresses.

This showing is non-existent and insufficient as Defendant must include its receipts for all Costs alleged. Additionally, as Defendant's clerical staff is the same as the clerical staff for Defendant's attorney, it's logical all the document copying was utilized by on-site printers Defendant has in its office as the copying supplies (printers, paper, ink, etc.) is shared by both Defendant and Defendant's attorney.

## CONCLUSION

Defendant's request for $2,201.27 in Costs must be denied in its entirety. Plaintiff reserves its objections to an award of any Costs whatsoever.

Dated: December 12th, 2017

Law Office of Andrew P Rundquist

By: /s/ Andrew P Rundquist
     Andrew P Rundquist, Esq.

Attorney for Plaintiff
Mohammad Ali Hedayati

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is Law Office of Andrew P Rundquist, 501 W Broadway Suite A144 San Diego, CA 92101. On December 12th, 2017, I served the within document(s):

**PLAINTIFF'S OBJECTION TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS FOR (1) REPORTER'S TRANSCRIPTS PER L.R. 54-3.4 AND (2) CERTIFICATION, EXEMPLICATION AND REPRODUCTION OF DOCUMENTS PER L.R. 54-3.10**

X    CM/ECF – by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the above is true and correct. Executed on December 12th, 2017, at San Diego, CA.

By: /s/ Andrew P Rundquist
Andrew P Rundquist